# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Deitrich Funchess, | ) |
|                 Plaintiff, | ) Civil Action No.: 4:19-cv-2120-JMC |
| v. | ) ORDER |
| Captain Harolff, Lieutenant Rice, Sergeant Van Brown, Officer Chandler, and Officer Lollis, | ) |
|                 Defendants. | ) |

This matter is before the court pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Plaintiff, proceeding *pro se*, filed his Complaint (ECF No. 1) on July 29, 2019, alleging that Defendants violated his constitutional rights. Defendants filed a Motion to Dismiss (ECF No. 17) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The court issued an Order (ECF No. 19) on September 27, 2019, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff that failure to respond to the Motion to Dismiss by October 28, 2019, could result in the dismissal of his case. On November 6, 2019, after Plaintiff filed no response, the Magistrate Judge issued his Report and Recommendation ("Report") (ECF No. 24), recommending that Plaintiff's action be dismissed with prejudice for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## I. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. *See Mathews v. Weber*, 423 U.S. 261, 270 (1976). The recommendation has no presumptive weight. *Id.* at 270-71. The responsibility to make a final

1

determination remains with this court. *Id.* As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). The court may accept, reject, or modify, in whole or in part, the Magistrate Judge's Report. *See* 28 U.S.C. § 636(b)(1).

## II. DISCUSSION

Under Rule 41(b) of the Federal Rules of Civil Procedure, a defendant may move to dismiss an action or a claim against it when "the plaintiff fails to prosecute or to comply with these rules or a court order." *See* Fed. R. Civ. P. 41(b). "The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989).

The court in *Davis v. Williams* developed a four-factor test to determine whether a district court has abused its discretion in dismissing a case with prejudice under Rule 41(b). *See* 588 F.2d 69, 70 (4th Cir. 1978). Dismissal with prejudice "should not be invoked lightly in view of 'the sound public policy of deciding cases on their merits.'" *See id.* at 70 (quoting *Reizakis v. Loy*, 490 F.2d 1132, 1135 (4th Cir. 1974)). The district court should "balance the considerations of sound judicial administration" against that public policy by applying four criteria: "(1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a '"drawn out history" of "deliberately proceeding in a dilatory fashion;" and (4) the effectiveness of sanctions less drastic than dismissal." *See* 588 F.2d at 70 (quoting *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976)).

The Fourth Circuit, however, has found that "the four factors . . . are not a rigid four-pronged test." *Ballard*, 882 F.2d at 95. "The propriety of a dismissal [under Rule 41(b)] depends

2

on the particular circumstances of the case." *Id.* When it has given a reasonable warning and a plaintiff has failed to heed that warning, a court has "little alternative to dismissal," and "[a]ny other course would . . . place the credibility of the court in doubt and invite abuse." *See id.* at 96.

The court finds no error in the Report of the Magistrate Judge. Plaintiff failed to respond to Defendants' Motion to Dismiss, and the Magistrate Judge's Order warned that a failure to respond could result in dismissal. Given the Magistrate Judge's explicit warning and Plaintiff's subsequent inaction, the court **DISMISSES** Plaintiff's action for failure to prosecute.

### III. CONCLUSION

For the reasons set forth herein, after a thorough review of the Magistrate Judge's Report and Recommendation, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 24) and **DISMISSES** Plaintiff's Complaint with prejudice (ECF No. 1) for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

December 5, 2019
Columbia, South Carolina